IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

vs.                              No. CV 21-01105 KG/GJF

SEVEN-ELEVEN,
FEDERAL BUREAU OF INVESTIGATION,
CURRY COUNTY ADULT DETENTION CENTER,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the "Claim for Damage, Injury, or Death" filed by Plaintiff Myrtis Paulo Hart. (Doc. 1, Doc. 4 (redacted)) ("Complaint"). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, statutes, and rules, and failure to prosecute this proceeding.

This is one of the many cases Plaintiff Myrtis Paulo Hart has filed in this Court.[1] Plaintiff Hart filed his Complaint on November 16, 2021. (Doc. 1; Doc. 4). Hart's Complaint appears to

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos*, CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos*, CV 19-00932 MV/SCY; *Hart v. Gallegos*, CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's*, CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility*, CV 20-01046 KG/GB; *Hart v. Clovis Police Department*, CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation*, CV 20-01141 MV/JFR; *Hart v. United States*, CV 21-0008 KG/CG; *Hart v. Lytle*, CV 21-00017 MV/GBW; *Hart v. Saavedra*, CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility*, CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center*, CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare*, CV 21-01012 KG/SCY;

1

be on a federal Tort Claims Act notice. The Complaint seeks damages for unspecified injuries against a private store, Seven-Eleven, the Federal Bureau of Investigation, and the Curry County Adult Detention Center. (Doc. 1, Doc. 4). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiency on November 18, 2021, directing Plaintiff Hart to put his Complaint in proper form and either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 3). With the Order to Cure, the Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 3 at 2). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 1).

Plaintiff Hart did not comply with the Court's November 18, 2021 Order. Instead, the copy of the Order to Cure mailed to Plaintiff at his address of record was returned as undeliverable. (Doc. 6). A search of the New Mexico Department of Corrections records disclosed that Plaintiff had been transferred from the Curry County Adult Detention Center to Central New Mexico Correctional Facility. Therefore, the Court re-mailed the Order to Cure Deficiency to Hart at Central New Mexico Correctional Facility on December 9, 2021.

---

*Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole,* CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v. Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers,* CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven,* CV 21-01105 KG/GJF; *Hart v. WalMart,* CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel),* CV 21-01161 WJ/SCY.

More than two months have elapsed after entry of the Court's Order to Cure Deficiency and more than 30 days have passed since the Order was remailed to Plaintiff. Plaintiff has not paid the filing fee, submitted an application to proceed under § 1915 in proper form, or otherwise responded to the Court.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $5 filing fee or submit an application to proceed under § 1915 in proper form. The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of November 18, 2021, failure to comply with statutes and rules, and failure to prosecute this proceeding.

IT IS ORDERED the Claim for Damage, Injury, or Death filed by Plaintiff Myrtis Paulo Hart on November 16, 2021 (Doc. 1, Doc. 4 (redacted)) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's November 18, 2021 Order.

_____
UNITED STATES DISTRICT JUDGE